UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUAN MANUEL LEDESMA, ) ) Plaintiff, ) ) vs. ) ) JOHN DOE, *et. al.*, ) ) Defendants. ) | CAUSE NO. 3:17-CV-560 RLM |

OPINION AND ORDER

Juan Manuel Ledesma, a *pro se* prisoner, filed a complaint against the owner and manager of the RedGold tomato canning factory, claiming they won't let him reside in their migrant work camp after he is released because of his criminal history. Mr. Ledesma has also filed a motion requesting to be appointed counsel as well as a motion seeking preliminary injunctive relief.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). The court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. Whirlpool Fin. Corp. v. GN Holdings, Inc., 67

F.3d 605, 608 (7th Cir. 1995). A plaintiff can plead himself out of court if he pleads facts that preclude relief. See Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

Mr. Ledesma is an inmate housed within the Texas Department of Criminal Justice. In anticipation of being released on parole, he wrote a letter to the Geneva, Indiana, Police Department, asking about the possibility of returning to Indiana and living at the RedGold migrant work camp, where he used to work. The Geneva Police forwarded his letter to the H.R. Manager at RedGold, who said Mr. Ledesma wouldn't be able to stay at the camp because of his "criminal history." Mr. Ledesma argues that denying him the right to stay at Redgold's camp based on his criminal history violates his rights under the Fair Housing Act and the Rehabilitation Act. Mr. Ledesma seeks money damages from the RedGold owner and manager.

The Fair Housing Act prohibits many types of housing discrimination, 42 U.S.C. § 3601 et seq., and the Rehabilitation Act prohibits discrimination based on a handicap. 29 U.S.C. § 794(a). Neither prohibits consideration of an applicant's criminal record. Talley v. Lane, 13 F.3d 1031, 1034 (7th Cir. 1994). To the contrary, an applicant's criminal record is a legitimate consideration. Id. Not only do the defendants' actions not violate these two Acts, they don't violate any of Mr. Ledesma's constitutional rights either. Id. at 1034-1035 (considering an applicant's criminal record doesn't violate the Equal Protection Clause, the Due Process Clause or the Civil Rights Act). Mr. Ledesma's complaint doesn't state a claim.

It is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a court dismisses a case on its own, see Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), but it's unnecessary where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") That is the case here. No amendment would change the fact that RedGold officials were permitted to consider Mr. Ledesma's criminal record in determining whether to allow him to reside at their work camp.

Mr. Ledesma also asks to be appointed counsel. "There is no right to court-appointed counsel in federal civil litigation." Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014) (citing Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007)). Though in some circumstances, the court may ask an attorney to volunteer to represent an indigent party for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

Pruitt v. Mote, 503 F.3d at 654. Mr. Ledesma's claim is meritless with or without an attorney, and he gives no indication that he has made any attempt to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Pruitt v. Mote, 503 F.3d at 654; Romanelli v. Suliene, 615 F.3d 847 (7th Cir. 2010), and Bracey v.

3

Grondin, 712 F.3d 1012, 1016 (7th Cir. 2013). Therefore the request for appointment of counsel will be denied.

Finally, because Mr. Ledesma's complaint doesn't state a claim on which relief can be granted, the court will deny the motion for a preliminary injunction.[1]

For these reasons, the court:

(1) DENIES the motion for appointment of counsel (ECF 5);

(2) DENIES the motion for preliminary injunction (ECF 6); and

(3) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED.

ENTERED: July 26, 2017

/s/ Robert L. Miller, Jr.
Judge,
United States District Court

---

[1] The request for an injunction would have nonetheless been denied. This case is about alleged housing discrimination against the owner and employee of RedGold, but the motion seeks a preliminary injunction against prison officials in an effort to avoid Mr. Ledesma being placed in the Darrington Unit of the Texas Department of Criminal Justice. Because the motion seeks relief outside the scope of the complaint, Mr. Ledesma could not obtain relief here. See Williams v. Evelsizer, No. 12-CV-1082, 2013 WL 3337956, * 1 (July 2, 2013 S.D. Ill.) (holding that a plaintiff is not likely to succeed on the merits when he seeks injunctive relief outside the scope of his complaint).

4